THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

| | |
|---|---|
| PATRICIA WOODELL, individually and on behalf of all others similarly situated,<br><br>                             Plaintiff,<br><br>      vs.<br><br>EXPEDIA, INC., EAN.COM, LP, TRAVELSCAPE, LLC and HOTELS.COM, L.P.,<br><br>                          Defendants. | Case No.  2:19-cv-00051-JLR<br><br>DEFENDANTS' MOTION TO DISMISS<br><br>**NOTE FOR MOTION CALENDAR:**<br>**APRIL 12, 2019** |

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR)

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   BACKGROUND ...................................................................................................2

III.  LEGAL STANDARD ...........................................................................................4

IV.   ARGUMENT .........................................................................................................5

    A.   Woodell Fails to State a RICO Claim ..........................................................5

        1.   Woodell Fails to Adequately Allege Any Racketeering Activity..........................5

        2.   Woodell Fails to Allege a Pattern of Racketeering Activity...................................9

        3.   Woodell Fails to Allege a RICO Enterprise. ........................................................9

        4.   Woodell Fails to Allege Defendants Directed the Conduct of a RICO Enterprise………………………………………………………………...…11

        5.   Woodell Fails to Allege the Conduct Proximately Caused Her Injury.................13

    B.   Woodell Fails to State a Washington CPA Claim.........................................14

        1.   Woodell Fails to Allege an Unfair or Deceptive Act by Defendants ...................15

        2.   Woodell Fails to Allege any Impact on the Public Interest ..................................16

        3.   Woodell Fails to Allege Any Injury Proximately Caused by Defendants ............16

    C.   Woodell Fails to State a Claim for Conversion............................................18

    D.   Woodell's Claims for Unjust Enrichment and Constructive Trust Must Be Dismissed.19

V.    CONCLUSION ....................................................................................................21

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

# TABLE OF AUTHORITIES

**Cases**

*Alhadeff v. Meridian on Bainbridge Island, LLC,*
167 Wn.2d 601, 220 P.3d 1214 (2009)..................................................................18, 19

*Ally Bank v. Castle,*
No. 11-CV-896, 2012 WL 3627631 (N.D. Cal. Aug. 20, 2012) ............................12, 13

*Anderson v. Clow (In re Stac Elecs. Sec. Litig.),*
89 F.3d 1399 (9th Cir. 1996) ..........................................................................................14

*Anza v. Ideal Steel Supply Corp.,*
547 U.S. 451 (2006) ........................................................................................................13

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009).............................................................................................4, 5, 16

*Bailie Commcations, Ltd v. Trend Business Systems, Inc.,*
61 Wn. App. 151, 810 P.2d 12 (1991) ...........................................................................19

*Baker v. Leonard,*
120 Wn.2d 538 (1993) ....................................................................................................20

*Baumer v. Pachl,*
8 F.3d 1341 (9th Cir. 1993) ............................................................................................12

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)..................................................................................................4, 11

*Biers v. Washington State Liquor & Cannabis Bd.,*
No. C15-1518JLR, 2016 WL 3079025 (W.D. Wash. June 1, 2016) ..............................16

*Bowler v. Ferguson Enters.,*
No. C14-5001 RJB, 2014 WL 2170460 (W.D. Wash. May 23, 2014) ..........................13

*Boyle v. United States,*
556 U.S. 938 (2009).........................................................................................................9

*Capitol W. Appraisals, LLC v. Countrywide Fin. Corp.,*
759 F. Supp. 2d 1267 (W.D. Wash. 2010)........................................................................7

*Chagby v. Target Corp.,*
358 F. App'x 805 (9th Cir. 2009) .....................................................................................7

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ...................................................................................4

*Comm. to Protect our Agr. Water v. Occidental Oil & Gas Corp.*,
235 F. Supp. 3d 1132 (E.D. Cal. 2017)........................................................6, 7, 10, 11

*Consulting Overseas Mgmt. v. Shtikel*,
105 Wn. App. 80, 18 P.3d 1144 (2001) ....................................................................19

*Cooper's Mobile Homes, Inc. v. Simmons*,
94 Wn.2d 321, 617 P.2d 415 (1980) ........................................................................17

*Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*,
528 F.3d 1001 (8th Cir. 2008) ..........................................................................6, 17

*Davenport v. Wash. Educ. Ass'n*,
147 Wn. App. 704, 197 P.3d 686 (2008) ..................................................................18

*Doan v. Singh*,
617 F. App'x 684 (9th Cir. 2015) ............................................................................11

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*,
751 F.3d 990 (9th Cir. 2014) ..............................................................................5, 8

*Farwest Steel Corp. v. Mainline Metal Works, Inc.*,
48 Wn. App. 719, 741 P.2d 58 (1987) ......................................................................19

*Fidelity Mortgage Corp. v. Seattle Times Co.*,
213 F.R.D. 573 (W.D. Wash. 2003) .........................................................................14

*Gomez v. Guthy-Renker, LLC*,
No. EDCV1401425, 2015 WL 4270042 (C.D. Cal. July 13, 2015) .......................................10, 11

*Gotham Print, Inc. v. Am. Speedy Printing Centers, Inc.*,
863 F. Supp. 447 (E.D. Mich. 1994)...........................................................................6

*Gragg v. Orange Cab Co.*,
942 F. Supp. 2d 1111 (W.D. Wash. 2013)....................................................................17

*Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*,
105 Wn.2d 778, 719 P.2d 531 (1986) ...................................................................15, 17

*Hoffman v. Zenith Ins. Co.*,
487 F. App'x 365 (9th Cir. 2012) ...........................................................................13

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

*Holiday Resort Comm. Ass'n v. Echo Lake Assoc., LLC,*
134 Wn. App. 210, 135 P.3d 499 (2006) ...................................................................15

*Howard v. America Online Inc.*,
208 F.3d 741 (9th Cir. 2000) ...................................................................................9

*Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.,*
162 Wn.2d 59, 170 P.3d 10 (2007)............................................................................17

*In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*,
865 F. Supp. 2d 1002 (C.D. Cal. 2011) ...................................................................6

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009) ...................................................................................15

*Kelley v. Microsoft Corp.*,
251 F.R.D. 544 (W.D. Wash. 2008) ...................................................................20

*Kennedy v. Full Tilt Poker*,
No. CV0907964, 2010 WL 1710006 (C.D. Cal. Apr. 26, 2010)...........................7, 8

*Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*,
940 F.2d 397 (9th Cir. 1991) ...................................................................................5

*Mayer v. Sto Indus., Inc.*,
123 Wn. App. 443, 98 P.3d 116 (2004) ...................................................................18

*Moore v. Kayport Package Exp., Inc.*,
885 F.2d 531 (9th Cir. 1989) ...................................................................................7

*Odom v. Microsoft Corp.*,
486 F.3d 541 (9th Cir. 2007) ...................................................................................10

*Panag v. Farmers Ins. Co.*,
166 Wn.2d 27, 204 P.3d 885 (2009) ...................................................................15

*Proctor v. Forsythe*,
4 Wn. App. 238 (1971). ...................................................................................20

*Reves v. Ernst & Young*,
507 U.S. 170 (1993)...........................................................................................11, 12, 13

*River City Markets, Inc. v. Fleming Foods W., Inc.*,
960 F.2d 1458 (9th Cir. 1992) ...................................................................................9

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

*Robinson v. Avis Rent A Car Sys., Inc.*,
106 Wn. App. 104, 22 P.3d 818 (2001) ...................................................................17

*Saunders v. Lloyd's of London*,
113 Wn.2d 330, 779 P.2d 249 (1989) ......................................................................15

*Schnall v. AT&T Wireless Servs*., Inc.,
171 Wn.2d 260, 259 P.3d 129 (2011) ......................................................................18

*Segal Co. v. Amazon.com*,
280 F. Supp. 2d 1229 (W.D. Wash. 2003)...............................................................16

*Shaw v. Nissan, Inc.*,
220 F. Supp. 3d 1046 (C.D. Cal. 2016) ...................................................................10

*Shugart v. GYPSY Official No. 251715, its Engines, Mach., Appurtenances*,
No. 2:14-CV-1923RSM, 2015 WL 1965375 (W.D. Wash. May 1, 2015) ...................16

*State Farm Mut. Auto. Ins. Co. v. Peter J. Hanson, P.C.*,
No. C16-1085RSL, WL 3189026 (W.D. Wash. July 27, 2017) ...................................4

*Stephens v. Marino White O'Farrell & Gonzalez*,
No. C10-5820BHS, 2011 WL 3516082 (W.D. Wash. Aug. 11, 2011) ..........................8

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ............................................................................6, 7

*United Food & Com. Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.*,
719 F.3d 849 (7th Cir. 2013) ...............................................................................12

*United States v. Green*,
592 F.3d 1057 (9th Cir. 2010) ................................................................................8

*University of Maryland v. Peat, Marwick, Main & Co.*,
996 F.2d 1534 (3d Cir. 1993)................................................................................12

*Vess v. Ciba-Geigy Corp.*,
317 F.3d 1097 (9th Cir. 2003) .......................................................................5, 9, 14

*Young v. Young*,
164 Wn.2d 477 (2008) ........................................................................................19

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

**Statutes**

18 U.S.C. § 1961 ...................................................................................................................9

18 U.S.C. § 1962 ..............................................................................................................4, 6

RCW 19.86.090 .................................................................................................................17

RCW 19.86.093 .................................................................................................................15

**Rules**

Fed. R. Civ. P. 9 .........................................................................................................*Passim*

Fed. R. Civ. P. 12 .......................................................................................................*Passim*

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

## I.    INTRODUCTION

Plaintiff Patricia Woodell's action arises from a single hotel reservation she made on Reservations.com—a website no Defendant owns or operates.  She claims she was overcharged $8.31 because she believes that the charge for "Taxes & Fees" listed by Reservations.com should only include taxes paid to the government, not service fees retained by the companies that supply the hotel bookings.  But Woodell does not allege that she ever viewed, much less relied on, any representations regarding the "Taxes & Fees" charge.  Nor does she allege that any of the Defendants—Expedia, Inc., EAN.com, LP, Travelscape, LLC, and Hotels.com L.P. (collectively, "Defendants" or the "Expedia entities")—made any representations to her about the charge on Reservations.com's website.  Rather, she alleges that a "reasonable consumer" would interpret language on Reservations.com's website as suggesting that "Taxes *& Fees*" means *only* "Taxes." Oddly, Woodell hasn't sued Reservations.com, but theorizes that the Expedia entities, which she alleges supply *some* of the hotel reservations customers can book on Reservations.com's website, conspired with Reservations.com.  She has asserted five claims against the Expedia entities on that basis—a civil RICO claim, a Washington Consumer Protection Act claim, and common-law claims for conversion and misappropriation, unjust enrichment, and constructive trust.

All of Woodell's claims should be dismissed because she has not alleged that she relied on a representation—let alone a misrepresentation—made by any of the Expedia entities.  Woodell attempts to avoid this defect by creatively pleading that the Defendants and Reservations.com conspired with each other to defraud Reservations.com's customers.  Woodell's conspiracy allegations are far-fetched and conclusory.  The alleged predicate RICO acts sound in fraud, and Woodell hasn't pleaded with the particularity and specificity required by Rule 9(b).  The Complaint gives neither the Court nor the Defendants fair notice of how, why, when, and where any Defendant purportedly participated in an alleged scheme to defraud customers through Reservations.com's alleged misrepresentation of "Taxes & Fees."  The same pleading defects

doom Woodell's state law claims. Because these pleading defects cannot be cured by amendment, Woodell's Complaint should be dismissed with prejudice.

## II.    BACKGROUND[1]

Reservations.com is an online booking platform on which consumers can access hotel booking inventory that Reservations.com obtains from other companies—*i.e.*, third-party suppliers, including Expedia. Compl. ¶¶ 2, 22. On September 12, 2016, Woodell logged on to Reservations.com and booked a room at the Wyndham Garden Boise Airport Hotel. *Id.* ¶¶ 46–47. In total, Woodell paid $111.22—$81.41 for the room, $14.99 as a "Service Fee" to Reservations.com, and $14.82 in "Taxes & Fees." *Id.* ¶¶ 47, 52. This case is "focuse[d] exclusively on" the "Taxes & Fees" component. *Id.* ¶ 5. Specifically, Woodell calculates the applicable taxes for her booking as $6.51 and contends that the remaining $8.31 that she paid in "Taxes & Fees" was a fraudulent overcharge. *Id.* ¶¶ 48–50, 52.

Woodell alleges that she paid "Taxes & Fees," but she does not allege that she noticed the charge at the time of booking; that it factored into her decision to book; that she was confused by it; what she interpreted it to mean; or that she would have made a different booking decision if she had interpreted it differently. Woodell concedes that consumers generally book hotel rooms online "for convenience" and "to shop for the best price," *id.* ¶ 1, and she does not allege that anything other than these considerations caused her to decide to book her hotel on Reservations.com.

According to Woodell, $8.31 of the "Taxes & Fees" were fraudulently charged because Reservations.com made two representations that she believes were false or misleading as to whether "Taxes & Fees" included only taxes, or also service fees. One representation is the label "Taxes & Fees" itself. In Woodell's view, a "reasonable consumer" would interpret that label in

---

[1] Defendants accept the allegations in the Complaint as true solely for purposes of this motion.

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200    FAX, (206) 407-2224

the context of a hotel booking to include only sums paid to a governmental entity (taxes).  *Id.* ¶ 34.[2]

Woodell also does not claim to have seen the other alleged misrepresentation—which may not even have been on Reservations.com's website—when she made her booking.  Woodell alleges that Reservations.com "[a]t times" has explained "Taxes & Fees" as follows:

> The taxes are tax recovery charges we pay to our vendors.  We retain our service fees and compensation in servicing your travel reservation.  Amounts displayed in the Taxes and Fees line for prepaid hotel transactions include an estimated amount we expect the hotel to bill for applicable taxes, government fees, and other charges that the hotels must pay to the government.  Please note that you may also incur other charges that we do not collect and are not included in the quotes price, such as hotel resort fees, hotel energy surcharges, parking fees, pet fees, and incidental charges.  These amounts will be collected from you directly by the hotel unless otherwise indicated on the site.

*Id.* ¶ 33.  She does not allege when or where Reservations.com made this statement.

Reservations.com "hosts the website [and] does its own marketing of its services."  *Id.* ¶ 18.  Despite basing her case on entirely Reservations.com's alleged misrepresentations, and despite mentioning Reservations.com more than one hundred times in her Complaint, Woodell has not sued Reservations.com.  She has sued only the Expedia entities, with whom she does not allege to have made any contact while she made her booking.  *See id.* ¶¶ 17–20.  She targets Defendants simply because "Expedia" allegedly happened to be the third-party supplier of the hotel inventory that Woodell booked on Reservations.com in September 2016, and Woodell believes "Expedia" charged her credit card for the room rate and the "Taxes & Fees."[3]  *Id.* ¶¶ 29, 50–52.

From these bare allegations, Woodell concludes that Defendants and non-party Reservations.com are engaged in a nefarious "conspiracy" that perpetrates an elaborate tax fraud

---

[2] To support her theory, Woodell points to a description of "Occupancy Tax" on an AirBnB website, which she says describes "the common understanding of hotel tax."  Compl. ¶ 34.  Another company's disclosures on another website for another line item are utterly irrelevant.  On its face, AirBnB's disclosure addresses only "taxes," not "taxes and fees."  *Id.*

[3] Woodell uses "Expedia" and "Defendants" interchangeably throughout the Complaint and does not always distinguish whether she is referring to Expedia, Inc., or to Defendants generally.  It is not clear what any particular defendant is alleged to have done.  She claims to know that "Expedia" charged her credit card because the credit card statement listed the charge as "HOTEL*RESERVATIONS.COM 800-916-4439 WA," and alleges that when she called to cancel the room, "Expedia" answered the phone.  Compl. ¶¶ 50–51.

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 3

scheme "to deceive consumers" by misrepresenting "Taxes & Fees" through "joint[] planning." *Id.* ¶¶ 77–78, 85–93. Woodell alleges no facts to show that such a conspiracy exists or any details of this purported conspiracy. For example, she does not allege any communication, meeting, agreement, or moment in time in which any Defendant and Reservations.com agreed to coordinate regarding representations about "Taxes & Fees" on Reservations.com's website.[4]

Still, Woodell sues Defendants to recover the purported $8.31 "tax overcharge" she paid, asserting a violation of 18 U.S.C. § 1962(C)–(D), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), premised on mail and wire fraud; a violation of RCW 19.86 *et seq.*, the Washington Consumer Protection Act ("CPA"); conversion and misappropriation; unjust enrichment; and constructive trust.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's allegations. Under the default (Rule 8) pleading standard, a motion to dismiss should be granted when the plaintiff is unable to articulate facts establishing a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008). Rather, a complaint must allege facts that, if true, raise a plausible—not merely speculative—right to relief. *Twombly*, 550 U.S. at 555. The facts must "nudge . . . [the] claims across the line from conceivable to plausible." *Id.* at 570. The Court need not accept as true conclusory allegations or legal characterizations, nor need it accept unreasonable inferences or unwarranted deductions of fact. *State Farm Mut. Auto. Ins. Co. v. Peter J. Hanson, P.C.*, No. C16-1085RSL, 2017 WL 3189026, at *2 (W.D. Wash. July 27, 2017), *aff'd*, 322 F. App'x 489 (9th Cir. 2009). A pleading

---

[4] Woodell attempts to distract from her lack of factual details with repetition. For example, in paragraph 93, in purportedly describing how the Expedia entities and Reservations.com "worked closely together to further the enterprise," Woodell makes the same conclusory allegation about "misrepresenting," "concealing," and "misleading" in seven different ways. Yet looking past labels, they all amount to the same fact-free assertion.

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 4

that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citation omitted).

Rule 9(b) imposes a heightened pleading standard when the plaintiff's claims sound in fraud. The circumstances constituting an alleged fraud must "be stated with particularity." Fed. R. Civ. P. 9(b). This is a demanding standard, which requires allegations of fraudulent conduct to be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation and internal quotation marks omitted). Put simply, allegations of fraud "must be accompanied by the who, what, when, where, and how of the misconduct charged." *Id.* (citation and internal quotation marks omitted).

## IV.   ARGUMENT

### A.   Woodell Fails to State a RICO Claim.

To state a civil RICO claim, a plaintiff must allege that the defendant participated in the conduct of an enterprise through a pattern of racketeering activity that proximately caused the plaintiff's harm. *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 997 (9th Cir. 2014). Woodell's allegations fail at every step. She fails to adequately allege (1) any racketeering activity; (2) a pattern of such activity; (3) an enterprise; (4) that Defendants directed the conduct of an enterprise; or (5) proximate causation. Each of these pleading failures independently dooms Woodell's RICO claim.

### 1.   *Woodell Fails to Adequately Allege Any Racketeering Activity.*

Woodell bases her RICO claim on mail and wire fraud as the alleged racketeering activity. Compl. ¶¶ 94–102. That means Rule 9(b) applies. *See Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) ("Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme."); *see also Gotham Print, Inc. v. Am. Speedy Printing*

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 5

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

*Centers, Inc.*, 863 F. Supp. 447, 458 (E.D. Mich. 1994) ("Courts have been particularity sensitive to [Rule 9(b)'s] pleading requirements in RICO cases in which the 'predicate acts' are mail fraud and wire fraud, and have further required specific allegations as to which defendant caused what to be mailed (or made which telephone calls), and when and how each mailing (or telephone call) furthered the fraudulent scheme."). Woodell's allegations of mail and wire fraud flunk Rule 9(b) in several ways.

Most fundamentally, Woodell does not allege with specificity or particularity the role each Defendant played in the supposed mail or wire fraud. She alleges unspecified conduct by the "RICO Members" (Woodell's term for Defendants plus Reservations.com) that she calls mail or wire fraud, but she does not attribute that conduct to any particular Defendant. Compl. ¶¶ 94–110. "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007) (citation omitted).[5]

Woodell's attribution of the alleged mail and wire fraud to the undifferentiated "RICO Members" is especially incompatible with Rule 9(b). That is because she alleges that the "RICO Members" engaged in mail and wire fraud via "[f]alse or misleading communications to the public" and "[s]ales and marketing materials," Compl. ¶¶ 97–98, but that *non-party Reservations.com* alone made the allegedly false or misleading statements, *id.* ¶¶ [], and *non-party Reservations.com* "hosts the website [and] does its own marketing," *id.* ¶ 18. In other words, Woodell's "RICO Members" allegations not only fail to satisfy Rule 9(b); when read in context

---

[5] *See, e.g.*, *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008) ("The requirements of § 1962(c) must be established as to each individual defendant."); *Comm. to Protect our Agr. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1173 (E.D. Cal. 2017) ("The touchstone of [Section 1962(c)] is that each individual defendant must be shown to have personally participated in a pattern of racketeering activity.") (citation omitted); *In re WellPoint, Inc. Out-of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1036 (C.D. Cal. 2011) ("In the context of a fraud suit involving multiple defendants, a plaintiff must also "identif[y] the role of [each] defendant[] in the alleged fraudulent scheme.") (internal citations omitted).

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 6

with her other allegations, they fail to satisfy Rule 8.

Courts regularly dismiss RICO claims predicated on mail and wire fraud where, as here, "the complaint is shot through with general allegations" about a conspiracy by multiple parties, but "attributes specific misconduct only to" certain ones. *Swartz*, 476 F.3d at 765; *see also Capitol W. Appraisals, LLC v. Countrywide Fin. Corp.*, 759 F. Supp. 2d 1267, 1271 (W.D. Wash. 2010) (dismissing RICO claims under 9(b) where plaintiff "lump[ed]" misrepresentations by defendants together); *see, e.g.*, *Chagby v. Target Corp.*, 358 F. App'x 805, 808 (9th Cir. 2009) (allegation of "'false' advertisements" circulated by alleged co-conspirators failed to adequately allege predicate acts with particularity as to defendant not responsible for the circulation); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (finding that plaintiffs had failed to allege mail fraud with particularity because they "[did] not attribute specific conduct to individual defendants" or "specify either the time or the place of the alleged wrongful conduct"); *Comm. to Protect our Agr. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp. 3d 1132, 1179–80 (E.D. Cal. 2017) (RICO claim failed because allegations did not "clearly describ[e] the role of each defendant in the alleged fraudulent scheme, or explain who was a party to the allegedly fraudulent statements"); *Kennedy v. Full Tilt Poker*, No. CV0907964, 2010 WL 1710006, at *5 (C.D. Cal. Apr. 26, 2010) (dismissing plaintiffs' RICO claim against seventeen defendants alleged to comprise an organization involved in fraudulent conduct running an online poker game for failure to show that "each of the . . . defendants were involved in making the statements" that were allegedly misleading); *cf. Swartz*, 476 F.3d at 765 ("general allegations" that certain defendants "knew that" other defendants in the purported conspiracy "were making . . . false statements to clients" and "acting in concert," when not supported by "any stated factual basis" were insufficient as a matter of law for common law fraud claim).

Even as to the lumped-together "RICO Members," Woodell fails to allege essential elements of mail and wire fraud with particularity—namely, a scheme to defraud that includes an

affirmative misrepresentation, and the use of the mails or wires in furtherance of that scheme. *See Eclectic Props.*, 751 F.3d at 997; *United States v. Green*, 592 F.3d 1057, 1064 (9th Cir. 2010).

As for a scheme to defraud, Woodell does not allege with particularity the time, place, and manner of any act of fraud. She generally alleges that Defendants violated the mail and wire fraud statutes by "sending and receiving, and by causing to be sent and/or received, materials via U.S. Mail or commercial interstate carriers for the purpose of executing the unlawful scheme to design, manufacture, market, and sell hotel room reservations by means of false pretenses, misrepresentations, promises, and omissions." Compl. ¶ 97(a); *see id.* ¶ 97(b) (similar, for wire fraud). She further alleges transmission of "false or misleading communications," "sales and marketing materials," and other similarly nonspecific categories. *Id.* ¶ 98. These allegations are so vague as to be meaningless: Woodell fails to identify *what* the false or misleading communications are, to *whom* they were sent, or *how* they were fraudulent or in furtherance of any scheme. She therefore has not alleged any act of fraud with particularity.

Woodell also does not allege with specificity *how* the mails or wires were used. Her vague allegations as to the use of "the Internet and other electronic facilities" and communications between the RICO members via "mail and wire transmission," Compl. ¶¶ 99–102, without reference to any specific communication, or when and how such a communication was made, also fail to satisfy Rule 9(b). *See Stephens v. Marino White O'Farrell & Gonzalez*, No. C10-5820BHS, 2011 WL 3516082, at *3 (W.D. Wash. Aug. 11, 2011) ("The rule of particularity requires the plaintiff to plead with specificity both the alleged fraudulent conduct and the use of the mails and/or wires."); *Full Tilt Poker*, 2010 WL 1710006, at *5 (generalized allegations that scheme involved use of U.S. mail or interstate telephone communications without identifying specifics as to when or how each purported misrepresentation was made deemed insufficient to support a RICO claim based on mail and wire fraud).

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

At bottom, because Plaintiff's conclusory allegations of fraud fail to provide Defendants with sufficient notice of "the who, what, when, where, and how of the misconduct charged" as mail or wire fraud, the RICO claims should be dismissed. *Ciba-Geigy*, 317 F.3d at 1106.

### 2.   *Woodell Fails to Allege a Pattern of Racketeering Activity.*

For the same reasons she fails to adequately allege any racketeering activity, Woodell fails to adequately allege a *pattern* of racketeering activity. A "pattern" requires "at least two acts of racketeering activity" within ten years of each other, 18 U.S.C. § 1961(5), and a related "threat of continuing activity." *Howard v. America Online Inc.*, 208 F.3d 741, 746 (9th Cir. 2000).

Woodell does not identify what precisely the two "predicate acts" of mail or wire fraud are, instead offering only a formulaic recitation that Defendants, with Reservations.com, purportedly "engaged in a pattern of related and continuous predicate acts for years" and that "the predicate acts also had the same or similar results, participants, victims, and methods of commission," and were "related and not isolated events." Compl. ¶ 107. Such conclusory assertions are insufficient to plausibly allege a pattern.

### 3.   *Woodell Fails to Allege a RICO Enterprise.*

RICO enterprises come in two shapes: an association-in-fact or a "legal entity." 18 U.S.C. § 1961(4). An association-in-fact enterprise is a "group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle v. United States*, 556 U.S. 938, 946 (2009).

Woodell alleges that the Defendants and Reservations.com functioned as an "association-in-fact enterprise . . . for the purpose of obtaining money from consumers for inflated 'Taxes & Fees' payments, through which they conducted a pattern of racketeering activity[.]"[6] Compl. ¶ 78.

---

[6] Woodell pleads in the alternative that Reservations.com, on its own, constitutes an enterprise "through which the [Expedia entities] conducted their pattern of racketeering activity[.]" Compl. ¶ 79. This formulation applies to the "infiltration of legitimate businesses [the enterprise] by racketeers [the defendants]," *River City Markets, Inc. v. Fleming Foods W., Inc.*, 960 F.2d 1458, 1461 (9th Cir. 1992)—*e.g.*, mobsters using a restaurant to launder money. This theory fails, as Woodell does not allege with any specificity the other elements of a RICO claim—including that

Such an enterprise requires (1) a common purpose, (2) an ongoing organization, and (3) "evidence that the various associates function as a continuing unit." *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007). Woodell fails to meet these requirements.

To show a "common purpose," a plaintiff "must allege that the group engaged in enterprise conduct distinct from their own affairs." *Occidental Oil*, 235 F. Supp. 3d at 1173. A "routine contract for services" between entities is insufficient to show an association-in-fact "because the entities are actually pursuing their individual economic interests, rather than any shared purpose." *Gomez v. Guthy-Renker, LLC*, No. EDCV1401425, 2015 WL 4270042, at *9 (C.D. Cal. July 13, 2015) (noting "the widespread consensus among courts that such routine business relationships are insufficient to impose RICO liability"); *see also Shaw v. Nissan, Inc.*, 220 F. Supp. 3d 1046, 1054–59 (C.D. Cal. 2016) (holding plaintiffs failed to plead specific facts that would demonstrate common purpose of fraudulently selling defective vehicles at inflated prices where non-conclusory allegations "appear to describe routine business relationship").

Here, Woodell's conclusory allegation that the Expedia entities and Reservations.com acted with a common purpose of "obtaining tax overpayment from consumers," Compl. ¶ 85, falls far short of federal pleading standards. The interactions alleged between the purported RICO members are wholly consistent with a routine business arrangement necessary to facilitate hotel room bookings—arrangements Woodell acknowledges are "legitimate," *id.* ¶ 86—in pursuit of each company's own business aims. And the facts Woodell alleges reflect nothing more than a routine business arrangement to sell hotel rooms. *See, e.g.*, *Occidental Oil*, 235 F. Supp. 3d at 1174–75 ("[T]he FAC pleads no specific facts indicating that defendants acted with an objective unrelated to ordinary business or government aims.").

Further underscoring the implausibility of Woodell's conclusory allegations, she alleges

---

any of the Expedia entities directed the conduct of Reservations.com or engaged in a pattern of racketeering activity through Reservations.com.

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 10

that Reservations.com also obtains hotel inventory from other third-party suppliers.  *Id.* ¶¶ 2, 22, 23.  It is unlikely that Reservations.com would use language on its website in furtherance of a purported common purpose with the Expedia entities, when such language would cover transactions involving hotel inventory from other third-party suppliers.  *See Twombly*, 550 U.S. at 570 (allegations must cross "the line from conceivable to plausible").

Nor does Woodell adequately allege an *ongoing* organization.  Instead, she generically alleges that the Expedia entities and Reservations.com had a "systematic linkage to each other through corporate ties, contractual relationships, financial ties, and continuing coordination of activities."  Compl. ¶ 89.  Listing buzzwords does not transform a commercial relationship into an "enterprise."  *See Occidental Oil*, 235 F. Supp. 3d at 1175 (allegations were insufficient where complaint did "not allege specific facts as to the nature of the connection between defendants" and did not "contain factual allegations explaining the structure of the alleged enterprise, or explain how defendants coordinated to create a vehicle with mechanisms for carrying out RICO predicate crimes").

And Woodell has not adequately alleged that the purported association-in-fact functions as a continuing unit.  This element asks "whether the association is cohesive enough to treat it as a single entity independent of its members."  *Gomez*, 2015 WL 4270042, at *10.  Because Woodell has not alleged "what exactly each defendant did, and when they did it, or how they functioned together as a continuing unit," she cannot "establish an enterprise."  *Doan v. Singh*, 617 F. App'x 684, 686 (9th Cir. 2015).

### 4.    *Woodell Fails to Allege Defendants Directed the Conduct of a RICO Enterprise.*

The "conduct" element of a RICO claim demands that a defendant "have some part in directing the enterprise's affairs."  *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).  In other words, Defendants cannot be liable unless they "participated in the *operation or management* of

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

the enterprise itself." *Id.* at 183 (emphasis added). "A proper RICO defendant must have exerted 'managerial control' over the enterprise, not simply have been used to further the wrongful efforts of the enterprise." *Ally Bank v. Castle*, No. 11-CV-896, 2012 WL 3627631, at *13 (N.D. Cal. Aug. 20, 2012) (citing *Baumer v. Pachl*, 8 F.3d 1341, 1344 (9th Cir. 1993)); *University of Maryland v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539 (3d Cir. 1993) ("Simply because one provides goods or services that ultimately benefit the enterprise does not mean that one becomes liable under RICO as a result."). Further, RICO liability requires a "showing that the defendants conducted or participated in the conduct of the '*enterprise's* affairs,' not just their *own* affairs." *Reves*, 507 U.S. at 185.

Woodell has not alleged that the Expedia entities' actions "were undertaken on behalf of the *enterprise* as opposed to on behalf of the [Defendants] in their individual capacities, to advance their own self-interests." *See United Food & Com. Workers Unions & Emp'rs Midwest Health Benefits Fund v. Walgreen Co.*, 719 F.3d 849, 854 (7th Cir. 2013) (emphasis in original) (holding plaintiff failed to state RICO claim where activities were consistent with each defendant going about its business, even though the companies were "not strangers" and representatives of each "regularly communicated with each other"). She alleges that one of the Expedia entities supplied the hotel room booking she reserved and that one of the Expedia entities processed the credit card payment. But those actions are entirely consistent with the Expedia entities' legitimate interests and do not plausibly suggest direction of any enterprise.

This conclusion is even more glaring when the theory is that the Expedia entities directed the affairs of Reservations.com. Woodell does not allege that Defendants participated in the operation or management of Reservations.com. On the contrary, she alleges that Reservations.com hosted its own website, did its own marketing, and obtained inventory from multiple suppliers. Compl. ¶¶ 2, 18, 22, 23. Given that Reservations.com is the common denominator in its business, it is simply implausible, without specific factual allegations, that the Expedia entities "directed the

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 12

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

1  enterprise's affairs." *Reves*, 507 U.S. at 179.

2         **5.**       ***Woodell Fails to Allege the Conduct Proximately Caused Her Injury.***

3         "[A] plaintiff may sue under [RICO] only if the alleged RICO violation was the proximate

4  cause of the plaintiff's injury." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 453 (2006); *see*

5  *also Ally Bank*, 2012 WL 3627631, at *12 ("the plaintiff's injury must be proximately caused by

6  defendant's commission of a predicate act, not by some other conduct of the defendant").

7  "Although proximate cause, not reliance, is the essential element of statutory standing under

8  RICO, proving reliance is necessary where it is integral to [a plaintiff's] theory of causation."

9  *Hoffman v. Zenith Ins. Co.*, 487 F. App'x 365, 365 (9th Cir. 2012).

10         Woodell has not, and cannot, allege that any action by any of the Expedia entities

11  proximately caused her claimed injury.  She admits that any representation regarding the "Taxes

12  & Fees" was made by non-party Reservations.com, not any of the Expedia entities.  She does not

13  allege that Reservations.com's representations were a proximate or even but-for cause of her

14  purported injury—paying $8.31 that did not go exclusively toward taxes paid to the government.

15  She does not allege that she saw the phrase "Taxes & Fees" or the description of it, much less that

16  she relied on such language in making her reservation.  She cannot possibly satisfy the requirement

17  that her $8.31 injury must have been proximately caused by Defendants' purported RICO

18  violation.  For this reason alone, the RICO claim must be dismissed.  *See Bowler v. Ferguson*

19  *Enters.*, No. C14-5001 RJB, 2014 WL 2170460, at *5 (W.D. Wash. May 23, 2014) (dismissing

20  RICO claim that "failed to plead a cognizable theory of proximate causation that links defendants'

21  alleged misconduct to [plaintiff's] alleged injury").

22         Because Woodell fails to plead each of the elements of a RICO claim, her claim should be

23  dismissed.

24

25

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 13

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

### B.    Woodell Fails to State a Washington CPA Claim.

As a threshold matter, because Woodell's CPA claim sounds in fraud and is not pleaded with the requisite specificity, it must be dismissed.  Where a claim alleges a "unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim," it "sounds in fraud" and must be pleaded with specificity under Rule 9(b).  *Ciba-Geigy*, 317 F.3d at 1103.

This concept has previously been applied to claims under the CPA.  In *Fidelity Mortgage Corp. v. Seattle Times Co.*, 213 F.R.D. 573 (W.D. Wash. 2003), the plaintiff claimed that the Seattle Times violated the CPA by publishing "false, deceptive, and/or misleading Interest Rates." *Id.* at 574.  The court explained that "[e]ven with regard to complaints that do not specifically plead fraud, the Ninth Circuit has consistently held that cases that are 'grounded in fraud' or 'sound in fraud' must satisfy the particularity requirement of Rule 9(b)." *Id.* at 575.  The court dismissed the complaint, reasoning that although it set forth with particularity the statements the plaintiff claimed were false, when and where the information was published, and the identity of those responsible for the publication, it failed to "give particulars as to the respect in which plaintiff contends the statements are fraudulent"—in other words, *why* it was false or misleading.  *Id.*

Here, although Woodell avoids using the term "fraud" in characterizing her CPA claim, she alleges no distinct factual basis for her CPA claim.  Rather, she relies entirely on the same allegedly fraudulent conduct—the alleged misrepresentations regarding "Taxes & Fees"—that undergirds her RICO allegations.  Compl. ¶¶ 132–140; *see Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1405 n.2 (9th Cir. 1996) (noting failure to use word "fraud" does not change nature of claim).  Thus, for the same reasons that Woodell's RICO claim was not pleaded with specificity, her CPA claim must also be dismissed for failure to plead fraud with specificity under Rule 9(b).  She has not alleged, for example, any statements made by Defendants that she claims were false; when and where the allegedly fraudulent statements were published (and who, if anyone, saw or relied on them); or the particulars as to why the statements were false or

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

misleading. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (action under California's consumer protection laws that sounded in fraud was properly dismissed for failure to plead with particularity).

Apart from her failure to satisfy Rule 9(b), Woodell fails to plausibly allege the elements of a CPA claim. To state a claim under the CPA, Woodell must allege: (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation. *Panag v. Farmers Ins. Co.*, 166 Wn.2d 27, 37, 204 P.3d 885 (2009) (citing *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531 (1986)). Woodell does not allege the first, third, fourth, and fifth elements.

### 1.   *Woodell Fails to Allege an Unfair or Deceptive Act by Defendants.*

An unfair or deceptive act is one undertaken with "a capacity to deceive a substantial portion of the public."[7] *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 344, 779 P.2d 249 (1989) (quoting *Hangman Ridge*, 105 Wn.2d 780); *see also* RCW 19.86.093. "Implicit in the definition of 'deceptive' under the CPA is the understanding that the practice misleads or misrepresents something of material importance." *Holiday Resort Comm. Ass'n v. Echo Lake Assoc.*, LLC, 134 Wn. App. 210, 226, 135 P.3d 499 (2006). Thus, Woodell must allege facts that Defendants engaged in conduct with a capacity to deceive a substantial portion of the public by *misrepresenting something of material importance*. *See Saunders*, 113 Wn.2d at 344. Whether her theory is that representations made to consumers, or a scheme to charge higher "Taxes & Fees," constituted the allegedly deceptive practice, she has not done so.

First, Woodell has not identified any representation whatsoever made *by the Defendants* to consumers, let alone an allegedly misleading one. The only representations alleged in this case

---

[7] A plaintiff may also bring a claim where "the alleged act constitutes a per se unfair trade practice," *Saunders v. Lloyd's of London*, 113 Wn.2d 330, 344, 779 P.2d 249 (1989) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 785–86, 719 P.2d 531 (1986)), but Woodell has not attempted to do so. Compl. ¶¶ 132–40.

are those made by non-party Reservations.com.   Woodell wholly fails to articulate in the Complaint how *Defendants* are liable for those representations.

Second, insofar as the purported "practice" in violation of the CPA is Defendants' alleged participation in "unlawfully devising a scheme to charge and collect the 'Taxes & Fees' charges," Compl. ¶ 137, Woodell's cursory allegation that Defendants "conspired" with Reservations.com to charge higher "Taxes & Fees" is entirely unavailing.   The barebones allegation of a conspiracy to defraud consumers is not pleaded with particularity and is also inadequate to assert a CPA claim under Rule 8.  *See Biers v. Washington State Liquor & Cannabis Bd.,* No. C15-1518JLR, 2016 WL 3079025, at *12 (W.D. Wash. June 1, 2016) ("conclusory allegations" did not allow court to "infer those claims are plausible" and thus warranted dismissal of CPA claim under 12(b)(6)).

### 2.      *Woodell Fails to Allege any Impact on the Public Interest.*

Without elaboration, Woodell alleges the legal conclusion that Defendants' conduct is "injurious to the public interest."  Compl. ¶ 138.  Such a "threadbare recital[]" of the elements, "supported by mere conclusory statements," does not suffice to state a claim.  *Iqbal*, 556 U.S. at 678;  *see, e.g.*, *Segal Co. v. Amazon.com*, 280 F. Supp. 2d 1229, 1234 (W.D. Wash. 2003) (granting motion to dismiss CPA claim because allegation "on information and belief that defendant engages in a 'pattern and practice' of deceptive behavior" is insufficient to satisfy public interest requirement); *see also Shugart v. GYPSY Official No. 251715, its Engines, Mach., Appurtenances*, No. 2:14-CV-1923RSM, 2015 WL 1965375, at *3 (W.D. Wash. May 1, 2015) (dismissing CPA claim where "the Court cannot infer a public interest impact").

Woodell has not pleaded a single misleading representation made by Defendants to the public (or anyone else).  If the "Taxes & Fees" are misleading at all, Woodell has sued the wrong party.  It is Reservations.com that allegedly interacted with the public, not Defendants.

### 3.      *Woodell Fails to Allege Any Injury Proximately Caused by Defendants.*

There can be no violation of the CPA where the allegedly deceptive did not cause the

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200    FAX, (206) 407-2224

claimed injury. *Hangman Ridge*, 105 Wn.2d at 793; *see also Cooper's Mobile Homes, Inc. v. Simmons*, 94 Wn.2d 321, 617 P.2d 415 (1980); *see Indoor Billboard/Washington, Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 82, 170 P.3d 10 (2007). "A plaintiff establishes causation if [she] shows the trier of fact that [she] *relied upon a misrepresentation* of fact. The causation requirement is met where the defendant 'induced' the plaintiff to act or refrain from acting." *Robinson v. Avis Rent A Car Sys., Inc.*, 106 Wn. App. 104, 113–14, 22 P.3d 818 (2001) (quotations and footnotes omitted) (emphasis added) (collecting CPA cases).

Here, Woodell's alleged injury is the alleged overcharge of $8.31. Compl. ¶¶ 48, 52. As was discussed under the RICO claim, this theory is deeply flawed. Woodell does not allege that she ever read or noticed the phrase "Taxes & Fees." *See id.* ¶¶ 46–52. She does not allege that she ever read or noticed the language Reservations.com used "[a]t times" to explain "Taxes & Fees." *Id.*; *see also id.* ¶ 33. Having not seen, read, or interpreted those representations, she could not possibly have relied on them.

More to the point, Woodell does not allege that she those representations actually induced her to pay what she thinks is an extra $8.31. Woodell clearly understood the total price ($111.22) at the time she made her reservation. *Id.* ¶ 52. Absent from her Complaint is any allegation that she would *not* have made her reservation had she understood that she was paying a fee above the amount paid to the government in taxes. Under these circumstances, Woodell has not alleged that she suffered any injury caused by an alleged misrepresentation that could support a CPA claim. RCW 19.86.090; *see, e.g.*, *Gragg v. Orange Cab Co.*, 942 F. Supp. 2d 1111, 1118–19 (W.D. Wash. 2013) (dismissing CPA claim premised on receipt of text message advertisement because plaintiff failed to allege injury, including that plaintiff did "not allege he paid his cell phone service provider any additional money *because of* defendants' text message").

Even if the so-called "overcharge" could constitute an injury caused by the alleged misrepresentation, the Complaint further reveals that it is impossible *Defendants* were the

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 17

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

proximate cause. "[T]he term 'proximate cause' means a cause which in direct sequence unbroken by any new independent cause, produces the injury [or] event complained of and without which such injury [or] event would not have happened." *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wn.2d 260, 278, 259 P.3d 129 (2011) (quotations omitted).

Woodell pleads no direct link between the alleged "tax overcharge" and the conduct alleged against the Expedia entities. The only representations Woodell describes—which she apparently never even saw—came directly from Reservations.com. "Where a *defendant* induces a plaintiff to act or refrain from acting, the causation requirement [of the CPA] is met." *Mayer v. Sto Indus., Inc.*, 123 Wn. App. 443, 458, 98 P.3d 116 (2004), *rev'd in part on other grounds*, 156 Wn.2d 677, 132 P.3d 115 (2006) (emphasis added). Woodell does not allege any *inducement* from Defendants: The Complaint makes clear that any inducement could only have come from Reservations.com. Further, the representations made by and on Reservations.com break off any direct causal chain between the "Taxes & Fees" on Reservations.com's website and the alleged action of one of the Expedia entities, *i.e.*, collection of the charge as the third-party supplier of Reservations.com's inventory, which Woodell does not allege was itself wrongful.

### C.   Woodell Fails to State a Claim for Conversion.

Conversion "occurs when, without lawful justification, one willfully interferes with, and thereby deprives another of, the other's right to a chattel." *Davenport v. Wash. Educ. Ass'n*, 147 Wn. App. 704, 721, 197 P.3d 686 (2008). The plaintiff must have a "property interest" in the chattel, and the defendant must have "wrongfully *received*" money or be "*under obligation to return* the specific money to the party claiming it." *Id.* at 721–22 (emphases added) (citations omitted). Money may be the subject of conversion only when "unlawfully" taken or retained. *Alhadeff v. Meridian on Bainbridge Island, LLC*, 167 Wn.2d 601, 619, 220 P.3d 1214 (2009).

An "authorized" payment by the payor is not the proper subject of the tort of conversion under Washington law. In *Alhadeff*, the plaintiff authorized payment of funds for a letter of

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

credit—even though he did so having received false certifications regarding the loan conditions—so he could not pursue a conversion claim.  167 Wn.2d at 619.  Here, although Woodell alleges that the nature of "Taxes & Fees" was misrepresented to her, she does not allege that the transaction on Reservations.com was unauthorized.  Under these circumstances, the tort of conversion is simply inapplicable as a matter of law.  *See, e.g.*, *Consulting Overseas Mgmt. v. Shtikel*, 105 Wn. App. 80, 85–86, 18 P.3d 1144 (2001) (no conversion when defendant received loan proceeds and then used them for purpose other than as specified in loan agreement).  Woodell's conversion claim must be dismissed.

### D.   Woodell's Claims for Unjust Enrichment and Constructive Trust Must Be Dismissed.

Finally, Woodell purports to state causes of action for unjust enrichment and constructive trust based on the same alleged misrepresentation regarding "Taxes & Fees."  Compl. ¶¶ 117–131. These claims are entirely derivative of the alleged wrongdoing Woodell alleges under her RICO and CPA claims and, if those claims are dismissed, her claims for unjust enrichment and constructive trust must be dismissed as well.

A claim for unjust enrichment consists of three elements: (1) a benefit conferred upon the defendant by the plaintiff; (2) an appreciation or knowledge by the defendant of the benefit; and (3) the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.  *Young v. Young*, 164 Wn.2d 477, 484, 191 P. 3d 1258 (2008) (quoting *Bailie Commcations, Ltd v. Trend Business Systems, Inc.*, 61 Wn. App. 151, 160, 810 P.2d 12 (1991)).  However, "[e]nrichment alone" will not trigger the doctrine.  *Farwest Steel Corp. v. Mainline Metal Works, Inc.*, 48 Wn. App. 719, 732, 741 P.2d 58 (1987).  Rather, "the enrichment [must] be unjust both under the circumstances and as between the two parties to the transaction."  *Id.*

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200   FAX, (206) 407-2224

As addressed above, Woodell's Complaint fails to allege violations under RICO and the CPA.  Having failed to plead any wrongful conduct, there is no basis to find that the Defendants' alleged retention of a portion of the "Taxes & Fees" is somehow "unjust" or "inequitable."  Even if Reservations.com made alleged misrepresentations to Woodell, courts have found that one may "benefit[] from a contract entered into between two other persons [i.e., Woodell and Reservations.com]" that goes awry because, in that scenario, the third person's enrichment is not unjust "in the absence of some misleading act by the third person."  Id. (emphasis added) (citation omitted).  Thus, Woodell cannot bring a claim for unjust enrichment if her RICO and CPA theories fail.8  As a matter of law, there is simply no basis for Woodell's unjust enrichment claim and it must be dismissed.

Woodell's theory of constructive trust fares no better.  "A constructive trust arises where a person holding title to property is subject to an equitable duty to convey it to another on the ground that he would be unjustly enriched if he were permitted to retain it."  *Proctor v. Forsythe*, 4 Wn. App. 238, 242, 480 P.2d 511 (1971).  Absent fraud or deceptive practices by Defendants, there is no basis to enforce a constructive trust.  *Baker v. Leonard*, 120 Wn.2d 538, 547, 843 P.2d 1050 (1993) ("courts will intervene to compel the holder of legal title" to return funds primarily in instances of "fraud, misrepresentation, bad faith, or overreaching" or where there is evidence of "wrongdoing" by the person in possession).  As with unjust enrichment, there is no inequitable circumstance warranting a constructive trust as a matter of law, and this claim must be dismissed along with Woodell's other claims.

---

8 Conversely, if the statutory claims succeeded, Woodell would have a remedy at law, and her unjust enrichment claim would be superfluous.  *See* Compl. ¶ 118 (unjust enrichment is pled "in the alternative, in the event the Court finds that she cannot obtain a remedy at law"); *Kelley v. Microsoft Corp.*, 251 F.R.D. 544, 551 (W.D. Wash. 2008) ("Washington bars recovery for unjust enrichment if the plaintiff has an adequate remedy at law").

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 20

## V.    CONCLUSION

For the foregoing reasons, and because the pleading deficiencies identified herein could not be resolved by amendment, Defendants respectfully request that the Court dismiss the Complaint with prejudice.

DATED this 18th day of March, 2019.

**CALFO EAKES & OSTROVSKY PLLC**

By   *s/ Angelo J. Calfo*
        Angelo J. Calfo, WSBA# 27079
        Patricia A. Eakes, WSBA# 18888
        Emily Dodds Powell, WSBA# 49351
        1301 Second Avenue, Suite 2800
        Seattle, WA  98101
        (206) 407-2200 | Phone
        (206) 407-2224 | Fax
        Email:  angeloc@calfoeakes.com
                    pattye@calfoeakes.com
                    emilyp@calfoeakes.com

*Attorneys for Defendants Expedia, Inc., EAN.com, LP, Travelscape, LLC and Hotels.com, L.P.*

DEFENDANTS' MOTION TO DISMISS
(Case No. 2:19-cv-00051- JLR) - 21

LAW OFFICES
**CALFO EAKES & OSTROVSKY PLLC**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
TEL, (206) 407-2200    FAX, (206) 407-2224