1

2

3

4

5

6

7

8   UNITED STATES DISTRICT COURT
    WESTERN DISTRICT OF WASHINGTON
9                    AT SEATTLE

10

11  PATRICIA WOODELL, individually and on     No. 19-cv-00051
    behalf of all others similarly situated,
12                                            **STIPULATED PROTECTIVE ORDER**
        v.
13
    EXPEDIA, INC., EAN.COM, LP,
14  TRAVELSCAPE, LLC and HOTELS.COM
    L.P.,
15
                        Defendants.
16

17

18  1.    PURPOSES AND LIMITATIONS

19          Discovery in this action is likely to involve production of confidential, proprietary, or

20  private information for which special protection may be warranted. Accordingly, the parties hereby

21  stipulate to and petition the court to enter the following Stipulated Protective Order. The parties

22  acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket

23  protection on all disclosures or responses to discovery, the protection it affords from public

24  disclosure and use extends only to the limited information or items that are entitled to confidential

25  treatment under the applicable legal principles, and it does not presumptively entitle parties to file

26  confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: plaintiffs' personally identifiable information and financial records, including credit card information; non-public contractual terms with customers, suppliers, partners, and other parties; non-public pricing, financial, and/or profit information; non-public business or operational, proprietary business, competitively sensitive, or trade secret information about Defendants; personal information about Defendants' employees (e.g., names, Social Security numbers, personal contact information, performance and evaluation information, disciplinary information, personal financial and medical information); customers' names and personally identifiable information; all information, documents, or data that Defendants are obligated to protect as confidential either by contract or in order to protect and preserve the interests of a third party; information protected from disclosure by statute; and other information that is contemporaneously labeled or branded as confidential by the producing party in the normal course of business and the disclosure of which would, in the good faith judgment of the producing party, be detrimental to the producing party or its affiliates.

3.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the

1  categories of persons and under the conditions described in this agreement. Confidential material

2  must be stored and maintained by a receiving party at a location and in a secure manner that ensures

3  that access is limited to the persons authorized under this agreement.

4        4.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

5  by the court or permitted in writing by the designating party, a receiving party may disclose any

6  confidential material only to:

7            (a)     the receiving party's counsel of record in this action, as well as employees

8  of counsel to whom it is reasonably necessary to disclose the information for this litigation;

9            (b)     the officers, directors, and employees (including in house counsel) of the

10  receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

11  agree that a particular document or material produced is for Attorney's Eyes Only and is so

12  designated;

13            (c)     experts and consultants to whom disclosure is reasonably necessary for this

14  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15            (d)     the court, court personnel, and court reporters and their staff;

16            (e)     copy or imaging services retained by counsel to assist in the duplication of

17  confidential material, provided that counsel for the party retaining the copy or imaging service

18  instructs the service not to disclose any confidential material to third parties and to immediately

19  return all originals and copies of any confidential material;

20            (f)     during their depositions, witnesses in the action to whom disclosure is

21  reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

22  (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of

23  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

24  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

25  under this agreement;

26

1           (g)    the author or recipient of a document containing the information or a
2  custodian or other person who otherwise possessed or knew the information.

3          4.3    Filing Confidential Material. Before filing confidential material or discussing or
4  referencing such material in court filings, the filing party shall confer with the designating party,
5  in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will
6  remove the confidential designation, whether the document can be redacted, or whether a motion
7  to seal or stipulation and proposed order is warranted. During the meet and confer process, the
8  designating party must identify the basis for sealing the specific confidential information at issue,
9  and the filing party shall include this basis in its motion to seal, along with any objection to sealing
10  the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and
11  the standards that will be applied when a party seeks permission from the court to file material
12  under seal. A party who seeks to maintain the confidentiality of its information must satisfy the
13  requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.
14  Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with
15  the strong presumption of public access to the Court's files.

16  5.      DESIGNATING PROTECTED MATERIAL

17          5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party
18  or non-party that designates information or items for protection under this agreement must take
19  care to limit any such designation to specific material that qualifies under the appropriate
20  standards. The designating party must designate for protection only those parts of material,
21  documents, items, or oral or written communications that qualify, so that other portions of the
22  material, documents, items, or communications for which protection is not warranted are not swept
23  unjustifiably within the ambit of this agreement.

24         Mass, indiscriminate, or routinized designations are prohibited. Designations that are
25  shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to
26

1  unnecessarily encumber or delay the case development process or to impose unnecessary expenses
2  and burdens on other parties) expose the designating party to sanctions.

3      If it comes to a designating party's attention that information or items that it designated for
4  protection do not qualify for protection, the designating party must promptly notify all other parties
5  that it is withdrawing the mistaken designation.

6      5.2    Manner and Timing of Designations. Except as otherwise provided in this
7  agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or
8  ordered, disclosure or discovery material that qualifies for protection under this agreement must
9  be clearly so designated before or when the material is disclosed or produced.

10      (a)    Information in documentary form: (*e.g.*, paper or electronic documents and
11  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),
12  the designating party must affix the word "CONFIDENTIAL" to each page that contains
13  confidential material. If only a portion or portions of the material on a page qualifies for protection,
14  the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate
15  markings in the margins).

16      (b)    Testimony given in deposition or in other pretrial proceedings: the parties
17  and any participating non-parties must identify on the record, during the deposition or other pretrial
18  proceeding, all protected testimony, without prejudice to their right to so designate other testimony
19  after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the
20  transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or
21  exhibits thereto, as confidential. If a party or non-party desires to protect confidential information
22  at trial, the issue should be addressed during the pre-trial conference.

23      (c)    Other tangible items: the producing party must affix in a prominent place
24  on the exterior of the container or containers in which the information or item is stored the word
25  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,
26  the producing party, to the extent practicable, shall identify the protected portion(s).

1      5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

2 designate qualified information or items does not, standing alone, waive the designating party's

3 right to secure protection under this agreement for such material. Upon timely correction of a

4 designation, the receiving party must make reasonable efforts to ensure that the material is treated

5 in accordance with the provisions of this agreement.

6 6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

7      6.1    <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of

8 confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

9 designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

10 burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

11 challenge a confidentiality designation by electing not to mount a challenge promptly after the

12 original designation is disclosed.

13     6.2    <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

14 regarding confidential designations without court involvement. Any motion regarding confidential

15 designations or for a protective order must include a certification, in the motion or in a declaration

16 or affidavit, that the movant has engaged in a good faith meet and confer conference with other

17 affected parties in an effort to resolve the dispute without court action. The certification must list

18 the date, manner, and participants to the conference. A good faith effort to confer requires a face-

19 to-face meeting or a telephone conference.

20     6.3    <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court

21 intervention, the designating party may file and serve a motion to retain confidentiality under Local

22 Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

23 persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

24 made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on

25 other parties) may expose the challenging party to sanctions. All parties shall continue to maintain

26 the material in question as confidential until the court rules on the challenge.

1  7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
2  LITIGATION

3      If a party is served with a subpoena or a court order issued in other litigation that compels
4  disclosure of any information or items designated in this action as "CONFIDENTIAL," that party
5  must:

6          (a)    promptly notify the designating party in writing and include a copy of the
7  subpoena or court order;

8          (b)    promptly notify in writing the party who caused the subpoena or order to
9  issue in the other litigation that some or all of the material covered by the subpoena or order is
10  subject to this agreement. Such notification shall include a copy of this agreement; and

11          (c)    cooperate with respect to all reasonable procedures sought to be pursued by
12  the designating party whose confidential material may be affected.

13  8.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

14      If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential
15  material to any person or in any circumstance not authorized under this agreement, the receiving
16  party must immediately (a) notify in writing the designating party of the unauthorized disclosures,
17  (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the
18  person or persons to whom unauthorized disclosures were made of all the terms of this agreement,
19  and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be
20  Bound" that is attached hereto as Exhibit A.

21  9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
22  MATERIAL

23      When a producing party gives notice to receiving parties that certain inadvertently
24  produced material is subject to a claim of privilege or other protection, the obligations of the
25  receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision
26  is not intended to modify whatever procedure may be established in an e-discovery order or

1 agreement that provides for production without prior privilege review. The parties agree to the

2 entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

3 10.   NON TERMINATION AND RETURN OF DOCUMENTS

4        Within 60 days after the termination of this action, including all appeals, each receiving

5 party must return all confidential material to the producing party, including all copies, extracts and

6 summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

7        Notwithstanding this provision, counsel are entitled to retain one archival copy of all

8 documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

9 deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work

10 product, even if such materials contain confidential material.

11       The confidentiality obligations imposed by this agreement shall remain in effect until a

12 designating party agrees otherwise in writing or a court orders otherwise.

13              IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14

15 **HAGENS BERMAN SOBOL SHAPIRO LLP**

16 By___s/____Steve Berman_____
   Steve Berman, WSBA# 12536
17 Andrew Volk, WSBA # 27639
   1301 Second Avenue, Suite 2000
18 Seattle, WA 98101
   Phone: (206) 623-7292
19 Fax: (206) 623-0594
   Email: steve@hbsslaw.com
20              andrew@hbsslaw.com
21

22 **MCGOWAN, HOOD & FELDER, LLC**

23 James L. Ward, Jr.
   Ranee Saunders
24 321 Wingo Way, Suite 103
   Mt. Pleasant, SC 29464
25 Telephone: (843) 388-7202
   Facsimile: (843) 388-3194
26

**CALFO EAKES & OSTROVSKY PLLC**

By s/ Angelo J. Calfo _____
Angelo J. Calfo, WSBA# 27079
Emily Dodds Powell, WSBA# 49351
1301 Second Avenue, Suite 2800
Seattle, WA 98101
Phone: (206) 407-2200
Fax: (206) 407-2224
Email: angeloc@calfoeakes.com
         emilyp@calfoeakes.com

*Attorneys for Defendants Expedia, Inc.,
EAN.com, LP, Travelscape, LLC and
Hotels.com L.P*

1  Email: jward@mcgowanhood.com
      rsaunders@mcgowanhood.com

2  **WALKER GRESSETTE FREEMAN &**

3  **LINTON, LLC**

4  Ian W. Freeman
   John P. Linton, Jr.

5  66 Hasell Street
   Charleston, SC 29401

6  Telephone: (843) 727-2200

7  Facsimile: (843) 727-2238
   Email: freeman@wgfllaw.com

8          linton@wgfllaw.com

9          *Attorneys for Plaintiff*

10

         PURSUANT TO STIPULATION, IT IS SO ORDERED

11
         IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any

12
   documents in this proceeding shall not, for the purposes of this proceeding or any other federal or

13
   state proceeding, constitute a waiver by the producing party of any privilege applicable to those

14
   documents, including the attorney-client privilege, attorney work-product protection, or any other

15
   privilege or protection recognized by law, provided that the producing party promptly takes

16
   reasonable steps to notify the receiving party upon discovering the error

17

18
   DATED: ___30 April 2019___

19

20                                                    _____
                                                      James L. Robart
21                                                    United States District Court Judge

22

23

24

25

26

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], of

4    _____ [print or type full address], declare under penalty of

5    perjury that I have read in its entirety and understand the Stipulated Protective Order that was

6    issued by the United States District Court for the Western District of Washington on [date] in the

7    case of *Woodell v. Expedia Inc., et al.*, Case No. 2:19-cv-00051 (W.D. Wash.). I agree to comply

8    with and to be bound by all the terms of this Stipulated Protective Order and I understand and

9    acknowledge that failure to so comply could expose me to sanctions and punishment in the nature

10   of contempt. I solemnly promise that I will not disclose in any manner any information or item

11   that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

12   with the provisions of this Order.

13        I further agree to submit to the jurisdiction of the United States District Court for the

14   Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective

15   Order, even if such enforcement proceedings occur after termination of this action.

16   Date: _____

17   City and State where sworn and signed: _____

18   Printed name: _____

19   Signature: _____

20

21

22

23

24

25

26