HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICIA WOODELL, individually and on behalf of all others similarly situated, <br><br> v. <br><br> EXPEDIA, INC., EAN.COM, LP, TRAVELSCAPE, LLC and HOTELS.COM L.P., <br><br> Defendants. | No. 19-cv-00051 <br><br> **AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND** [PROPOSED] **ORDER** |

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.      General Principles**

1.      An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.      The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 1
(Case No. 19-cv-00051)

be reasonably targeted, clear, and as specific as possible. Under the process set forth in Section E(2), the producing party shall state with specificity the nature of any claimed burden associated with the collection, review, and production of ESI and shall propose reasonable limitations, including search terms, custodial limitations, or other technology assisted review, to address such burdens.

**B.      ESI Disclosures**

Upon entry of this Order, or by April 30, 2019, whichever is later, each party shall disclose:

1. <u>Custodians.</u> The custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name and title, where available, connection to the instant litigation, and the type of the information under his/her control.

2. <u>Non-custodial Data Sources.</u> A list of non-custodial data sources (e.g., shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3. <u>Third-Party Data Sources.</u> A list of third-party data sources, if any, likely to contain discoverable ESI (e.g., third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4. <u>Inaccessible Data.</u> A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C.      Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 2
(Case No. 19-cv-00051)

1.  Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.  All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.  Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a.  Deleted, slack, fragmented, or other data only accessible by forensics.

    b.  Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c.  On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d.  Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e.  Back-up data that are substantially duplicative of data that are more accessible elsewhere.

    f.  Server, system or network logs.

    g.  Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h.  Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

D.  **Privilege**

1.  The following categories of documents do not need to be contained on a producing party's privilege log, unless good cause exists to require that a party do so.

    a.  Privileged or work-product information generated after the filing of the

complaint, except that post-filing communications that do not include outside counsel shall be logged categorically, for example:

| Date Range | Senders | Recipients | Subject Matter | Basis for privilege assertion |
|---|---|---|---|---|
|  | Non-lawyer employees and executives of defendants | In-house counsel [named individually & identified as licensed attorneys] | Communications from non-lawyer employees of defendants to in-house counsel seeking legal advice |  |
|  | In-house counsel [named individually & identified as licensed attorneys] | Non-lawyer employees and executives of defendants | Communications from in-house counsel for defendants to non-lawyer employees and executives of defendants communicating legal advice |  |

Additional categories shall be included as applicable. Any disclosure of a communication that includes a third-party shall disclose the identity of the third-party.

      b.    Any communications exclusively between a producing party and its outside counsel, an agent of outside counsel other than the party, any non-testifying experts in connection with specific litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts in connection with specific litigation.

      c.    Any privileged materials or work product created by or specifically at the direction of a party's outside counsel, an agent of outside counsel other than the party, any non-testifying experts in connection with specific litigation, or with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts in connection with specific litigation.

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 4
(Case No. 19-cv-00051)

2.  Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B). Nothing in this provision affects the applicability of attorney-client privilege or work-product protection with respect to efforts to identify and collect relevant, responsive information.

3.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

4.  <u>Privilege Log Based on Metadata</u>.  The parties agree that privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection).  For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title and date created.  Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. The parties agree that privilege logs shall be provided 30 days after the date agreed upon for final production in this matter.

E.  **ESI Discovery Procedures**

1.  <u>On-site inspection of electronic media.</u> Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.  <u>Search methodology.</u>

a.  The parties shall timely attempt to reach agreement on appropriate search terms, or an appropriate computer- or technology-aided methodology, before any such effort is undertaken. The parties shall continue to cooperate in revising the appropriateness of the search terms or computer- or technology-aided methodology. In the absence of agreement on appropriate

search terms, or an appropriate computer- or technology-aided methodology, a producing party shall disclose the search terms or queries, if any, and methodology that it intends to use to locate ESI likely to contain discoverable information. The parties shall meet and confer in accordance with the local rules of this Court before bringing search terms and custodian disputes to the Court.

  b. To the extent that a party identifies a database that contains relevant, responsive information, the producing party shall reasonably describe the parameters, including a list of standard columns and date ranges where applicable, used to form any query for responsive information before one is conducted. Nothing in this paragraph prohibits the receiving party from seeking additional information about the database from the producing party to the extent necessary to formulate an appropriate query.

  c. The producing party shall search both non-custodial data sources and ESI maintained by or accessible to the custodians identified above to the extent that those sources are likely to contain relevant, responsive documents or information.

3. <u>Format.</u>

  a. The parties agree that ESI will be produced to the requesting party with searchable text, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), and single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files). The parties agree that the following metadata fields will be produced, where applicable: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; parent/child relationship; and hash value. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database and drawing files, should be produced in native format.

b. If the parties agree that ESI shall be produced in image format, each document image file shall be named with a unique Bates Number (e.g., the unique Bates Number of the page of the document in question). When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history.

c. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4. De-duplication. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party.

DATED: April 30, 2019

| HAGENS BERMAN SOBOL SHAPIRO LLP | CALFO EAKES & OSTROVSKY PLLC |
|---|---|
| By   s/Steve Berman<br>Steve Berman, WSBA# 12536<br>Andrew Volk, WSBA # 27639<br>1301 Second Avenue, Suite 2000<br>Seattle, WA 98101<br>Phone: (206) 623-7292<br>Fax: (206) 623-0594<br>Email: steve@hbsslaw.com<br>         andrew@hbsslaw.com | By   s/Angelo J. Calfo<br>Angelo J. Calfo, WSBA# 27079<br>Patty A. Eakes, WSBA# 18888<br>Emily Dodds Powell, WSBA# 49351<br>1301 Second Avenue, Suite 2800<br>Seattle, WA 98101<br>Phone: (206) 407-2200<br>Fax: (206) 407-2224<br>Email: angeloc@calfoeakes.com<br>         pattye@calfoeakes.com<br>         emilyp@calfoeakes.com |

**MCGOWAN, HOOD & FELDER, LLC**

James L. Ward, Jr.
Ranee Saunders
321 Wingo Way, Suite 103
Mt. Pleasant, SC 29464
Telephone: (843) 388-7202
Fax: (843) 388-3194
Email: jward@mcgowanhood.com
         rsaunders@mcgowanhood.com

*Attorneys for Defendants Expedia, Inc., EAN.com, LP, Travelscape, LLC and Hotels.com L.P*

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 7
(Case No. 19-cv-00051)

**WALKER GRESSETTE FREEMAN & LINTON, LLC**

Ian W. Freeman
John P. Linton, Jr.
66 Hasell Street
Charleston, SC 29401
Telephone: (843) 727-2200
Fax: (843) 727-2238
Email: freeman@wgfllaw.com
       linton@wgfllaw.com

*Attorneys for Plaintiff*

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 8
(Case No. 19-cv-00051)

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: 30 April 2019

The Honorable James L. Robart
UNITED STATES DISTRICT JUDGE

AGREEMENT REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION
AND [PROPOSED] ORDER - 9
(Case No. 19-cv-00051)